UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09-cr-124-1 |
| v. ) | |
| ) | Judge Collier/Steger |
| JOHN HALLORAN ) | |
| ) | |

## MEMORANDUM AND ORDER

JOHN HALLORAN ("Defendant") came before the Court for an initial appearance on October 7, 2016, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending a hearing before Judge Collier to determine whether his term of supervised release should be revoked. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested that the preliminary hearing and detention hearing be waived.

The Court finds that Defendant has committed multiple violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's oral motion to detain Defendant pending his revocation hearing or further order of this Court.

During the hearing, evidence was proffered to the Court indicating that Defendant had recently engaged in two suicide attempts and has been diagnosed with a mental illness. Counsel for the Government moved to have a psychiatric and/or psychological evaluation performed pursuant to 18 U.S.C. §§ 4241 and 4247. Defendant's counsel did not oppose the motion. Consequently, the undersigned granted such motion and entered an Order of Commitment for Mental Evaluation [Doc. 33].

It is, therefore, ORDERED that:

1. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier or further order of this Court is **GRANTED**.

2. The United States Marshal shall follow the directives in the Order of Commitment for Mental Evaluation [Doc. 33].

3. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation.

4. Upon receipt of a written evaluation from the mental health examiner, counsel shall contact the undersigned to advise whether a competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247 is to be scheduled.

5. The undersigned shall defer the scheduling of a revocation hearing before U.S. District Judge Collier until the foregoing steps are completed.

SO ORDERED.

ENTER.

             s/*Christopher H. Steger*
             United States Magistrate Judge